IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. PRICHARD                                                      PLAINTIFF

v.                      CIVIL NO. 16-3083

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael S. Prichard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his application for DIB on September 21, 2012. (ECF No. 8, p. 56). In his application, Plaintiff alleges disability due to degenerative disc disease, attention-deficit/hyperactivity disorder ("ADHD"), personality disorder, carpel tunnel syndrome, depression, cervical spondylosis without melanopathy, and cervical and lumbar radiculopathy. (ECF No. 8, p. 326). Plaintiff alleges an amended onset date of June 1, 2011. (ECF No. 8, pp.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

56, 312). These applications were denied initially and again upon reconsideration. (ECF No. 9, pp. 170-200).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (ECF No. 9, pp. 251-74). Plaintiff's administrative hearing was held on April 22, 2014, in Harrison, Arkansas (ECF No. 8, pp. 94-142). Plaintiff appeared in person and was represented by Rick Spencer. Id. Plaintiff, Plaintiff's wife Lauri Prichard, and Vocational Expert ("VE") Jim Spragins testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c). As for his level of education, Plaintiff attended some college courses but did not earn a college degree. (ECF No. 8, p. 98).

After this hearing, on May 14, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 8, pp. 53-63). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through September 30, 2012. (ECF No. 8, p. 58, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2011, Plaintiff's amended alleged onset date. (ECF No. 8, p. 58, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the thoracic spine with moderately reduced range of motion and discomfort. (ECF No. 8, pp. 58-59, Finding 3). Despite being severe, the ALJ determined this impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 8, p. 59, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 8, pp. 59-63, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff

retained the RFC to perform "the full range of light work as defined in 20 C.F.R. § 404.1567(b)" Id. The ALJ then determined Plaintiff was able to perform his Past Relevant Work ("PRW") as an automobile salesman as it was actually and generally performed. (ECF No. 8, p. 63). The ALJ therefore determined Plaintiff had not been under a disability, as defined by the Act, from June 1, 2011, Plaintiff's amended alleged onset date, through May 14, 2015, the date of the ALJ's decision. (ECF No. 8, p. 63, Finding 6).

Thereafter, on June 23, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 8, pp. 51-52). The Appeals Council denied this request on May 24, 2016. (ECF No. 8, pp. 6-10). On June 5, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on June 7, 2016. (ECF No. 5). This case is now ready for decision.

## II.   **Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the

3

record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v).

**III. Discussion:**

The sole issue raised by Plaintiff in his appeal is whether the ALJ erred when he found Plaintiff suffered no severe mental impairments. (ECF No. 12). At the outset, I note the relevant period in this case is limited to June 1, 2011, Plaintiff's amended alleged onset date, to September 30, 2012, the date Plaintiff last met the insured status requirements of the Act.

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989). "While '[s]everity is not an onerous requirement for the claimant to meet . . . it is also not a toothless standard.'" Wright v. Clovin, 789 F.3d 847, 855 (8th Cir. 2015) (quoting Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation).

Plaintiff visited Health Resources of Arkansas twice during the relevant period. (ECF No. 8, pp. 586-97). On June 1, 2011, Ashley Blakney, a nurse practitioner, noted Plaintiff's affect was congruent and constricted, his attention and concentration were impaired, he endorsed impulsivity, and that Plaintiff's thought content exhibited paranoid delusions. (ECF No. 8, p. 587). Plaintiff was diagnosed with bipolar II disorder, generalized anxiety disorder, mood disorder, alcohol dependence, and borderline personality disorder, with a GAF score of

45. (ECF No. 8, p. 588). Plaintiff, however, dropped out of treatment after his June 27, 2011, appointment and established care with Emologic Clinic. (ECF No. 8, pp. 591-97).

Plaintiff primarily received mental health services from Emologic Clinic during the relevant period. (ECF No. 8, pp. 631-53). Plaintiff's primary diagnoses were mood disorder not otherwise specified and attention deficit disorder, as well as multiple rule out diagnoses. Id. Plaintiff's GAF score during the relevant period remained stable at 60. Id. Treatment consisted of medication management. Id. On June 28, 2011, a mental status examiner described Plaintiff as well groomed and cooperative, but sometimes difficult to understand when he speaks. (ECF No. 8, p. 652). The examiner stated, "He has been extremely impulsive in the past and seems to have some symptoms of social anxiety disorder. His insight and judgment are impaired." Id. Less than one year later, on April 27, 2012, Plaintiff was no longer discussing impulsivity or anxiety issues during his appointments. (ECF No. 8, p. 635). Instead, the examiner noted Plaintiff had difficulty falling asleep at night and remaining awake during the day. Id. Plaintiff attributed his wakefulness at night and daytime fatigue to staying up late to complete homework for his college courses and to potential side effects of his medications. Id. The examiner noted: "Discussed sleep hygiene and organization with [Plaintiff] to help resolve some of these issues he is struggling with. [Plaintiff] agrees that in the past when he has made a calendar of things he needed to get done he was more successful at completing them on time. Overall, [Plaintiff] feels he is doing well." Id. By September 26, 2012, the examiner noted Plaintiff's condition was significantly improved:

> [Plaintiff] was seen at this clinic Sept 14, 2012. [Plaintiff] states he and his wife have reconciled and are now back together. . . . [Plaintiff] states although things are going better in his life and he is happier he continues to feel somewhat depressed. Symptoms of depression include depressed mood, lack of motivation, and poor concentration. . . . [Plaintiff] is also worried about the cost of Pristiq, however does not feel he [has] been on this medication long enough

6

> to gauge if it is effective. [Plaintiff] is sleeping well at night. [Plaintiff] denies any manic or hypomanic symptoms. Denies grandiosity. [Plaintiff] states he is doing well in school [in] most of his classes. [Plaintiff] states his appetite has improved. [Plaintiff] recalls that when he took the increased dose of Concerta he felt paranoid and became very angry and realizes that going up on the Concerta is not the best option for him.

(ECF No. 8, p. 631). Plaintiff's medication, Pristiq, was changed to Effexor due to the side effects of Pristiq Plaintiff was experiencing and the cost of the medication.

Plaintiff has failed to demonstrate his medically determinable mental impairments would have more than a minimal effect on his ability to work. As noted by the ALJ, Plaintiff regularly attended college courses during this period, and although he did struggle, Plaintiff attributed his difficulties to staying awake too late doing homework and the side effects of medications which were later changed. This Court also notes that mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990). As noted by the ALJ, Plaintiff's medically determinable mental impairments appeared to be well controlled with medication and adjustments to his medication during the relevant period. See Renstrom v. Astrue, 680 F.3d 1057, 1066 (8th Cir. 2012) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") (quoting Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010)). Although Plaintiff asks this Court to rely on Plaintiff's GAF scores, Plaintiff was consistently assigned a GAF score of 60 during the relevant period. The Eighth Circuit has endorsed the Social Security Administration's response to comment in its Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury that, "GAF scores have no direct correlation to the severity standard used by the Commissioner." Wright v. Colvin, 789 F.3d 847 (8th Cir. 2015) (citing 65 Fed.Reg. 50746, 50764-65 (Aug. 21,

2000)). Based on the foregoing, this Court finds substantial evidence supporting the ALJ's determination that Plaintiff's medically determinable mental impairments were non-severe.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 8th day of August, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE